# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ALVIN C. FREDRICKSON,

       Plaintiff,

v.                                                             CV No. 16-1012 KG/CG

CANNON FEDERAL CREDIT UNION, et al.,

       Defendants.

## ORDER AWARDING ATTORNEY'S FEES

**THIS MATTER** is before the Court on the Court's *Order Granting in Part and Denying in Part Plaintiff's Motion to Compel* (the "Order"), (Doc. 58), in which the Court ordered Defendant to show cause why it should be required to pay Plaintiff's reasonable expenses; Defendant Cannon Federal Credit Union's *Response to Order to Show Cause*, (Doc. 66), filed April 10, 2017; and Plaintiff's *Reply Brief Concerning Cannon Federal Credit Union's Response to Order to Show Cause*, (Doc. 68), filed April 24, 2017.

On February 16, 2017, one week after sending a good faith letter, Plaintiff filed his *Motion to Compel Cannon Federal Credit Union* (the "Motion"), (Doc. 42), seeking full and complete responses to several discovery requests. (Doc. 42 at 1). On March 2, 2017, Defendant responded advancing two arguments: first, that the Motion was "unnecessary" because Plaintiff was "unreasonable" in the timing of a good faith letter, depositions, and his Motion, and second, that the Motion was moot because Defendant would supplement its responses within ten days of filing the response, save two exceptions. (Doc. 46 at 1-3). Despite Defendant's representation, Defendant did not supplement its responses until eighteen days later, when the Court entered the parties'

stipulated protective order. (Doc. 51). Further, Defendant objected to producing not two, but four documents. (Doc. 58 at 1-2).

The Court granted in part and denied in part Plaintiff's Motion, ordering Defendant to produce two redacted documents and allowing Defendant to not produce two other documents. (Doc. 58 at 1-2; Doc. 66-2 at 2-3). The Court also ordered Defendant to show cause why it should not be required to pay Plaintiff's reasonable expenses associated with the Motion, particularly after Defendant said it would supplement its responses and then failed to do so. (Doc. 58 at 2).

If a motion to compel is granted, or requested discovery is provided after a motion to compel is filed, the Court "must, after giving an opportunity to be heard," require the party or attorney whose conduct necessitated the motion, or both, to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). The Court must not order payment if: "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; the party's "nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). The court may also apportion reasonable expenses if the motion is granted in part and denied in part. FED. R. CIV. P. 37(a)(5)(C). Additionally, although Defendant notes Plaintiff did not move for expenses, (Doc. 66 at 1), the Court has the inherent authority to control and supervise the litigation before it. *Kaufman v. American Family Mut. Ins. Co.*, 601 F.3d 1088, 1092 (10th Cir. 2010); *U.S. v. Carrigan*, 804 F.2d 599, 603 (10th Cir. 1986).

The Court has reviewed Defendant's arguments and is unconvinced Defendant should not pay Plaintiff's reasonable expenses associated with the Motion. Defendant spends the majority of its response arguing its legal theory of the case and presenting its version of the facts.[1] To the extent Defendant argues its initial non-disclosure was substantially justified, the Court is not persuaded. Defendant has still not offered any compelling reason why it stated it would supplement its responses within ten days and utterly failed to do so. Defendant did not condition its supplemental responses on a protective order in its response to the Motion. Further, Defendant failed to supplement its responses even after Plaintiff agreed to hold Defendant's responses confidential. (Doc. 49-1 at 1-2). To the extent Defendant protests that the Motion was unnecessary, clearly it was necessary, as Defendant failed to timely supplement its responses and objected to more documents than it originally claimed it would. Contrary to its arguments otherwise, Defendant's conduct, not Plaintiff's conduct, necessitated the Court's intervention.

Defendant objects that awarding Plaintiff attorney's fees would discourage parties from voluntarily complying with discovery requests. (Doc. 66 at 7). On the contrary, the Court intends to discourage parties from delaying their responses to discovery requests; from representing they will respond, failing to respond in a timely

---

[1] The Court wishes to address Defendant's repeated mentioning that Plaintiff and the Court refused to reschedule depositions set for February 15, 2017, resulting in counsel having to travel from out of state to attend the depositions. (Doc. 46 at 2; Doc. 66 at 3). The Court notes the depositions were noticed on January 6, 2017, (Doc. 27), but Defendant did not move to vacate them until February 10, 2017–five days before they were set. (Doc. 38). Defendant's sole argument for asking to the Court to force Plaintiff to reset the depositions was that one of Defendant's four attorneys of record had a longstanding, out-of-country trip planned. (Doc. 38 at 1; Doc. 38-1). Defendant did not then, and has not now, offered any reason why one of Defendant's three other attorneys of record could not attend the deposition, nor has Defendant explained how having to attend the depositions excuses Defendant's dilatory conduct during discovery.

3

manner, and then changing the terms under which they have agreed to respond; and from attempting to circumvent deadlines imposed by the rules of civil procedure.

For the foregoing reasons, the Court finds Defendant's nondisclosure was not substantially justified, Plaintiff made a good faith effort to obtain discovery without the Court's intervention, and no circumstances make an award of fees unjust.

**IT IS THEREFORE ORDERED** that Defendant pay Plaintiff's counsel, Treinen Law Office PC, $5,060.00 in fees related to the Plaintiff's *Motion to Compel Cannon Federal Credit Union*, (Doc. 42), by **June 7, 2017.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE